IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIK SCHLARP,                                )
                                             )
                                             )
                        Plaintiff,           )
                                             )
            v.                               )        2:06cv1089
                                             )        Judge Thomas M. Hardiman
                                             )
PAUL DERN, et al.,                           )
                                             )
                                             )
                        Defendants.          )


**<u>MEMORANDUM ORDER</u>**


AND NOW, this 2nd day of April, 2007, upon due consideration of Defendants' Motion

to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 6), Plaintiff's response thereto (Doc.

No. 10), Defendants' reply thereto (Doc. No. 11), and the Parties' Stipulation (Doc. No. 17-2), it

is hereby

ORDERED that said motion is GRANTED IN PART and DENIED IN PART, as

follows:

The motion is DENIED with respect to Plaintiff's First Amendment retaliation claim

against Defendant Paul Dern, Defendant Steve Taylor, and Defendant Plum Borough.  *See*

*Ambrose v. Township of Robinson*, 303 F.3d 488, 493 (3d Cir. 2002); *Anderson v. Davila*, 125

F.3d 148, 161 (3d Cir. 1997).

The motion is GRANTED with respect to Plaintiff's First Amendment retaliation claim

against Defendant Richard Hereda and Defendant Jeffrey Russo.  These counts (Counts II and

III) are DISMISSED WITHOUT PREJUDICE.  Plaintiff has until April 18, 2007 to file a first

amended complaint stating a First Amendment retaliation claim against these defendants.

The motion is GRANTED with respect to all of Plaintiff's other claims, namely, those based on (1) procedural due process, *see Stephens v. Kerrigan*, 122 F.3d 171, 180 (3d Cir. 1997) ("while an employee may have a legitimate claim of entitlement to his or her place on a promotion eligibility list that would give rise to a right to procedural due process, the employee does not have a 'substantive right' in the position itself if the promotion does not automatically follow from the employee's placement on the list"); (2) equal protection, *see Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (requiring plaintiff to allege "at the very least" that defendant had "no rational basis" for intentionally treating plaintiff "differently from others similarly situated"); (3) political affiliation discrimination or retaliation, *see* the Parties' Stipulation (Doc. No. 17-2); (4) 42 U.S.C. §1985, *see* the Parties' Stipulation (Doc. No. 17-2); and (5) punitive damages against Defendant Plum Borough, *see* Pl.'s Resp. (Doc. No. 10) at 7; as well as (6) any state-law based claims, *see* Def.'s Reply (Doc. No. 11) at 5 n.5.  These claims are DISMISSED WITH PREJUDICE.  Any amended complaint filed by Plaintiff in this action shall reflect the dismissal of these claims.

BY THE COURT:

s/ *Thomas M. Hardiman*
Thomas M. Hardiman
United States District Judge

2